**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KRISTY SMITH**

      **Plaintiff,**

**v.**                                           **Case No.: 8:26-cv-00509**

**INFUCARE RX HEALTH LLC,**
**a Foreign Limited Liability Company,**

      **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, InfuCare Rx Health, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Federal Rules of Civil Procedure, and Local Rule 1.06, files this Notice of Removal of this civil action from the County Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  The removal of this action is proper for the reasons set forth below.

### I.    BACKGROUND

On January 15, 2026, Plaintiff, Kristy Smith ("Plaintiff"), filed a civil action in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, styled as *Kristy Smith v. InfuCare Rx Health, LLC, a Foreign Limited Liability Company*, and assigned case number 2026-CA-109 (the "State Court

Case"). In Plaintiff's Complaint, she asserts one count for unlawful retaliation in violation of Florida's Private Whistleblower Act, Section 448.102, Florida Statutes ("FWA"). True and correct copies of all process, pleadings and other papers of every kind on file in the State Court Case are attached as **Composite Exhibit "A"** and incorporated herein by reference. *See* 28 U.S.C. § 1446.

## II.    TIMELINESS OF REMOVAL

On January 23, 2026, Defendant was served with copies of the Summons and the Complaint (*i.e.*, the initial pleading in the State Court Case). This notice of removal is timely filed within thirty (30) days from the date of Defendant's receipt of the Summons and the initial pleading in the State Court Case. *See* 28 U.S.C. § 1446(b).

## III.    DIVERSITY JURISDICTION

### a. Complete diversity of citizenship exists.

This Court has original jurisdiction over Plaintiff's state law cause of action because diversity of citizenship exists and the amount of controversy exceeds $75,000, as explained in Section III (b) below. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group*, LP, 541 U.S. 567, 571 (2004). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person

must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

At the time of filing of the Complaint, Plaintiff was (and is) a citizen of the United States and domiciled within Florida. (Pl.'s Compl. ¶ 2). Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). For diversity purposes, a limited liability company is a citizen of any state of which a member of the company is a citizen. *MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Here, Defendant, InfuCare Rx Health, LLC is a Pennsylvania limited liability company with its principal place of business in Pottsville, Pennsylvania. No member of Defendant is a citizen of Florida. *See* Declaration of Defendant's General Counsel, Tiffany Scheppers, attached as **Exhibit "B."**

Because Plaintiff is a citizen of the state of Florida and Defendant is incorporated in Pennsylvania, has a principal place of business in Pennsylvania, and no partner or member of Defendant is a citizen of Florida, there is complete diversity of citizenship between Plaintiff and Defendant.

**b. The amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction.**

Pursuant to 28 U.S.C. § 1446, the notice of removal may assert the amount in controversy, and removal is proper if the district court finds that Defendant has plausibly alleged that the amount in controversy exceeds $75,000. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC* 329 F.3d 805, 807 (11th Cir. 2003).

In *Dart Cherokee Basin Operating Co. v. Owens*, the U.S. Supreme Court explained that a defendant need only provide a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold.  135 S. Ct. 547, 554-55 (2014) (citing 228 U.S.C. § 1446(a)).  Only when the plaintiff or the Court questions the allegation is a defendant required to present evidence establishing that the amount in controversy requirement is met. *Id*.

In this case, Plaintiff alleges that her damages exceed $50,000, exclusive of attorneys' fees, interest, and costs, but does not plead that her damages exceed $75,000. (Pl.'s Compl. at ¶ 7).  If a plaintiff fails to plead a specific amount of damages, or challenges jurisdiction, a removing defendant "is required to show… by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Thomas v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-583, 2017 U.S. Dist.

LEXIS 65963, at **3-4 (M.D. Fla. May 1, 2017) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Here, the preponderance of the evidence standard is easily met. Plaintiff seeks in excess of the jurisdictional requirement of $75,000 by seeking all damages recoverable under the FWA, including but not limited to, actual damages, compensatory damages, and attorneys' fees.  Under the FWA, if Plaintiff prevails in this matter, the Court may issue "[r]einstatement of full fringe benefits and seniority rights, . . . [c]ompensation for lost wages, benefits, and other remuneration, . . . [and a]ny other compensatory damages allowable at law." Fla. Stat. § 448.103(2)(c)–(e). Additionally, the Court, "may award reasonable attorney's fees, court costs, and expenses to the prevailing party."  Fla. Stat. § 448.104.

While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable."  *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *6 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka*, 608 F.3d at 752).  A court "need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount."  *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted).  If a "removing defendant makes specific

factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id*. at 754.

> [W]hen it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'

*Cowan*, No. 3:14-cv-261-J-34JRK at *7-8 (quoting *Roe*, 613 F.3d at 1064).

Accordingly, the amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *Pretka*, 608 F.3d at 751 (internal quotation marks omitted).

Under the FWA, a successful plaintiff is presumptively entitled to back pay, which for jurisdictional purposes, may be calculated from the date of the adverse employment action until the date of trial.[1] *See Gonzalez v. Honeywell Int'l, Inc.*, No.

---

[1] Defendant acknowledges the split within this District on whether back pay that accrues in the period following removal, through trial or judgment, should be included when ascertaining the amount in controversy. *Compare Bragg v. Suntrust Bank*, No. 8:16-cv-139-T-33TBM, 2016 U.S. Dist. LEXIS 27850, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016) (holding that back pay should be calculated only to the date of removal), *with Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (holding that back pay may be calculated through the estimated date of trial). The Eleventh Circuit has not resolved this split. Accordingly, Defendant respectfully requests that the Court adopt

8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) ("Courts in this Circuit have previously held that back pay may be calculated through the estimated date of trial."); *Wineberger v. Racetrac Petroleum*, No. 5:14-CV-653-OC-30PRL, 2015 U.S. Dist. LEXIS 5570, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015); *Hallmeyer v. Gateway Clippers LLC*, No. 8:12-CV-2876-T-30TBM, 2013 U.S. Dist. LEXIS 9731, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013).

According to Plaintiff, Defendant took its first alleged adverse employment action against Plaintiff on July 19, 2025, when she was terminated. (Pl.'s Compl. at ¶ 22). During her employment with Defendant from September 9, 2024 through July 19, 2025, Plaintiff was compensated at an annual salary of $95,500.  *See* Ex. B.

Estimating that this case would proceed to trial within eighteen months after the filing of the Complaint on January 15, 2026, the first day of trial would presumptively be Thursday, July 15, 2027. *Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 U.S. Dist. LEXIS 5570, at *8 n.3 (M.D. Fla. Jan. 16, 2015), aff'd, 672 Fed. Appx. 914, 2016 U.S. App. LEXIS 21417 (11th Cir. 2016) (accepting the defendant's proposed two-year estimated trial date from the filing of the complaint).  As such, Plaintiff's alleged back pay from the date of her termination

---

the reasoning of *Gonzalez* and related decisions within this District and consider Plaintiff's alleged damages through the anticipated date of trial when determining the amount in controversy at issue in this case.

through an expected trial date of July 15, 2027 is approximately $ $189,950, which greatly exceeds the $75,000 jurisdictional threshold.  In other words, Plaintiff's back pay, without more, satisfies the amount in controversy.

Additionally, successful plaintiffs in FWA actions are entitled to front pay. § *See* Fla. Stat. 448.103(2)(a)–(e). "Front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (1946). Courts in this District have held that the addition of one year of front pay to the amount in controversy is reasonable where the plaintiff is presumptively entitled to recover front pay.[2] *See Brown v. Wendy's Int'l, LLC*, No. 6:21-cv-449-WWB-LRH, 2021 U.S. Dist. LEXIS 128105, *7 (M.D. Fla. July 9, 2021); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *2. Here, Plaintiff's one year of front pay is equal to her annual salary of $95,500. Thus, the combined alleged damages for back pay and front pay are, at a minimum, $285,450, easily satisfying the amount in controversy requirement.

Plaintiff also seeks, without specificity, to recover compensatory damages, which may be considered in the Court's determination of the amount in controversy

---

[2] Moreover, the Eleventh Circuit has held that for the purpose of establishing the amount in controversy, actions brought under the FWA may be analyzed under the same framework as retaliation cases brought under Title VII, under which plaintiffs are similarly entitled to recover front pay. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000); s*ee also Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1272 (11th Cir. 2013) (affirming the district court's award of one year of front pay to the plaintiff in a Title VII dispute).

for diversity jurisdiction purposes. Although it is difficult to determine the value of these damages, for purposes of determining the jurisdictional threshold, a defendant "may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Simmons v Washington Mutual Finance, Inc.*, no. 8:06-cv-01613-JDW-TBM, 2007 U.S. Dist. LEXIS 12984, 2007 WL 641101, at *1 (M.D. Fla. Feb. 22, 2007).

According to comparable cases in the Eleventh Circuit, as well as Florida state court, the potential value of garden-variety emotional distress damages in a single plaintiff claim may approximate $75,000 alone. *See Harden v. Baywood Nursing Center, Inc.,* 16 Fla. J.V.R.A. 3:25 (Fla. 6th Cir. Dec. 5, 2005) (awarding $125,000 in compensatory damages for emotional distress in similar single Plaintiff FWA claim)*; see also Schmidt v. The Pantry, Inc.*, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. 2012) (citing other single plaintiff Title VII claims resulting in emotional distress awards of $150,000, $457,000, $60,000, $75,000, and $100,000, and holding that, "for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases.").

Finally, Plaintiff seeks recovery for attorneys' fees and costs. (Pl.'s Compl. at ¶ 1). Because Plaintiff claims a statutory entitlement to attorneys' fees if she succeeds in this case, the amount of those fees is properly included in the amount in

controversy. *Cohen v. Office Depot, Inc*., 204 F.3d 1069, 1079 (11th Cir. 2000) (HN6 "When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy, for purposes of diversity jurisdiction, includes consideration of those fees.").[3]

Here, Plaintiff's counsel could be expected to expend at least 200 hours litigating this case, which would include numerous depositions, drafting and answering discovery, time spent briefing in opposition to a Motion for Summary Judgment, and preparing for and attending a three-to-five-day trial. Even at a conservative hourly rate of $200, Plaintiff would incur at least $40,000 in attorneys' fees. *See e.g., Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746, at *6 (M.D. Fla. Mar. 23, 2007) (finding an estimate of $40,000 in attorneys' fees in an employment discrimination case reasonable); *Mirras v. Time Ins. Co*., 578 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2008) (finding that anticipated attorney's fees were included in calculating the amount in controversy, which would likely reach over the $28,000 minimum needed to surpass the amount in controversy).

---

[3] Courts in this district are also split as to whether attorney's fees should be calculated through the time of removal or through some later stage. *Compare DO Rests, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1345-47 (S.D. Fla. 2013) (including estimated future attorney's fees in the amount in controversy) *with Keller v. Jasper Contractors, Inc.*, No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, at *3 (M.D. Fla. Aug. 12, 2015) (holding that only the attorney's fees accrued to the day of removal can contribute to the amount in controversy). Accordingly, Defendant respectfully submits that the Court should follow the line of authority permitting consideration of anticipated attorney's fees beyond the date of removal when determining the amount in controversy.

In this case, Plaintiff's alleged damages include back pay, front pay, unspecified compensatory damages, and attorneys' fees. When considered both individually and collectively, these categories of damages far exceed the jurisdictional threshold for diversity jurisdiction. Accordingly, removal is proper.

## IV.    JUDICIAL DISTRICT

The County Court for Manatee County, Florida is located within the United States District Court for the Middle District of Florida, Tampa Division. Thus, venue is proper in this Court because it is "the district and division embracing the place where the action is pending," 28 U.S.C. § 1441(a), and removal to this Court is proper under 28 U.S.C. § 1446(a).

## V.    FILING OF REMOVAL PAPERS

Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all adverse parties in this action and has filed a copy of the Notice of Filing Notice of Removal with the Clerk of the County Court for Manatee County, Florida, a copy of which is attached hereto as **Exhibit "C"**.

## VI.    CONCLUSION

Removal is appropriate under 28 U.S.C. § 1441(b) because diversity of citizenship exists, and the amount of controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. This notice of removal is filed within thirty (30) days after Defendant's receipt of the Summons and Complaint. Accordingly, this action

currently pending in the County Court of the Twelfth Judicial Circuit in and for Manatee County, Florida should be removed to the United States District Court for the Middle District of Florida, Tampa Division, and this Court should assume full jurisdiction of this case as provided by law.

DATED this 23rd day of February, 2026.

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Eric B. Moody, Esq.*
**ERIC B. MOODY, ESQ.**
Florida Bar No. 103105
eric.moody@jacksonlewis.com
nichole.villa@jacksonlewis.com
tampadocketing@jacksonlewis.com

**MORGAN E. CARR, ESQ**
Florida Bar No.: 1040415
morgan.carr@jacksonlewis.com
jennifer.santana@jacksonlewis.com
tampadocketing@jacksonlewis.com

Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone: (813) 512-3210
Facsimile: (813) 512-3211

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

/s/ Eric B. Moody
Attorney